| | | |
|---|---|---|
| Kimberly Marie Finnigan, | ) | |
| | ) | Case No. 4:20-cv-00818 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Equifax Information Services, LLC, | ) | |
| | ) | |
| Serve Registered Agent at: | ) | |
| CSC – Lawyers Incorporating Service Co. | ) | |
| 221 Bolivar Street | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| TransUnion LLC, | ) | |
| | ) | |
| Serve Registered Agent at: | ) | |
| The Prentice-Hall Corporation | ) | |
| 221 Bolivar Street | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Kimberly Marie Finnigan, by and through her attorneys at The

Law Offices of Tracy L. Robinson, LC, who, pursuant to 15 U.S.C. § 1681, *et seq*., in her

Complaint for Damages states and alleges to the Court as follows:

## INTRODUCTION

This is an action for damages brought by individual consumer Kimberly Marie Finnigan

against Equifax Information Services, LLC and TransUnion LLC for violations of the Fair Credit

Reporting Act (hereafter "FCRA"), 15 U.S.C. §§1681, *et seq*, as amended.

## JURISDICTION AND VENUE

1.      Jurisdiction over this proceeding arises from 15 U.S.C. § 1681 and generally

under 28 U.S.C. § 1331.

1

2.     Venue in this Court is proper in that each defendant transacts business in the state of Missouri and Missouri is where the injuries occurred.

## PARTIES AND SERVICE

3.     Plaintiff Kimberly Marie Finnigan, (hereafter "**Plaintiff**"), is a natural person who, at all times relevant, resides in the State of Missouri.

4.     Defendant Equifax Information Services, LLC, (hereafter "**Defendant Equifax**"), is a business entity that regularly conducts business in Missouri, and may be served through its Registered Agent, CSC – Lawyers Incorporating Service Company, at 221 Bolivar Street, Jefferson City, MO 65101.

5.     Defendant TransUnion LLC, (hereafter "**Defendant TU**"), is a business entity that regularly conducts business in Missouri, and may be served through its Registered Agent, The Prentice-Hall Corporation, at 221 Bolivar Street, Jefferson City, MO 65101.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6.     On June 17, 2015, Plaintiff and her spouse, Troy Wayne Hipsher filed a Chapter 13 Bankruptcy in the Western District of Missouri with assigned Case No. 15-41756-btf13.

7.     The Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines was entered on June 18, 2015.

8.     The BNC Certificate of Mailing of the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines is attached as Exhibit A.

9.     On October 13, 2016, Plaintiff and her spouse filed a Motion to Deconsolidate their case upon their divorce.

10.     On November 10, 2016, the Bankruptcy Court granted the Motion to Deconsolidate and created a new Case No. 16-43135-btf13 for Plaintiff, and her spouse's case remained with the original Case No. 15-41756-btf13.

2

11.     Court Text Order and Clerk's Notice are attached as Exhibit B and C, respectively.

12.     Her spouse's Chapter 13, Case No. 15-41756-btf13, was subsequently dismissed on August 23, 2017.

13.     The BNC Certificate of Mailing of the Order of Dismissal is attached as Exhibit D.

14.     Plaintiff received her discharge on June 8, 2020.

15.     The BNC Certificate of Mailing of the Notice of Discharge of Debtor After Completion of Chapter 13 Plan is attached as Exhibit E.

16.     On June 17, 2020, Plaintiff requested and reviewed her credit reports Defendant Equifax, Experian, and Defendant TU.

17.     Defendant Equifax and Defendant TU were incorrectly reporting that Plaintiff had filed two separate bankruptcies; Experian was reporting correctly that Plaintiff had filed only one bankruptcy case.

18.     The pertinent pages of Plaintiff's incorrect Equifax and TransUnion credit reports are attached as Exhibit F.

19.     On June 23, 2020, Plaintiff sent letters with her bankruptcy information to Defendant Equifax and Defendant TU disputing the incorrect reporting in accordance with 15 U.S.C. § 1681i.

20.     Copies of Plaintiff's dispute letters are attached as Exhibit G.

21.     Plaintiff received reinvestigation results from Defendant Equifax dated July 15, 2020, and Defendant Equifax failed to conduct reasonable reinvestigations as required by 15 U.S.C. §1681i, and the incorrect bankruptcy information remained.

3

22.    The pertinent page of Plaintiff's Equifax reinvestigation results is attached as

Exhibit H.

23.    Plaintiff never received a response from Defendant TU regarding her dispute.

24.    Accordingly, Plaintiff sent second letters with her bankruptcy information to

Defendant Equifax and Defendant TU disputing the incorrect reporting in accordance with 15

U.S.C. § 1681i.

25.    Defendant Equifax and Defendant TU again failed to conduct reasonable

reinvestigations as required by 15 U.S.C. §1681i, and the incorrect bankruptcy information

remained.

26.    The pertinent pages of Plaintiff's Equifax and TransUnion credit reports from

Credit Karma are attached as Exhibit I.

27.    Defendant Equifax and Defendant TU's failure to conduct reasonable

reinvestigations of Plaintiff's credit file and correct the bankruptcy information was a substantial

factor causing Plaintiff reduced credit scores, emotional distress, frustration, missed time from

work in order to tend to this matter, inconvenience and the hindrance to her fresh start entitled

under the Bankruptcy Code.

28.    The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit

repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit

worthiness.

<u>**COUNT I**</u>
<u>**EQUIFAX INFORMATION SERVICES, LLC**</u>
<u>**VIOLATIONS OF THE FCRA**</u>

29.    Plaintiff repeats, realleges, and incorporates by reference each and every prior

paragraph in this Complaint.

30.    Defendant Equifax is a "consumer reporting agency" as that term is defined by 15

4

U.S.C. §1681a(f).

31.　　The above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

32.　　Pursuant to 15 U.S.C. §1681n and §1681o, Defendant Equifax is liable to Plaintiff for engaging in the following conduct:

　　　　　　a.　Willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving multiple notices of the disputes from Plaintiff in violation of 15 U.S.C. §1681i(a);

　　　　　　b.　Willfully and negligently failing to review and consider all relevant information submitted by Plaintiff concerning the disputes of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

　　　　　　c.　Willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the disputes from Plaintiff; and

　　　　　　d.　Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

33.　　Defendant Equifax's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the actual damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant Equifax is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs of litigation.

WHEREFORE, Plaintiff prays judgment in her favor for damages as provided by the FCRA in such amount as fair and reasonable, for her actual damages incurred, for the imposition

of punitive damages against Defendant Equifax in such sum as will deter Equifax Information Services, LLC and others in the future from similar conduct and for such other relief the Court deems just and reasonable.

## COUNT II
## TRANSUNION LLC
## VIOLATIONS OF THE FCRA

34.     Plaintiff repeats, realleges, and incorporates by reference each and every prior paragraph in this Complaint.

35.     Defendant TU is a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

36.     Pursuant to 15 U.S.C. §1681n and §1681o, Defendant TU is liable to Plaintiff for engaging in the following conduct:

   a.   Willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving multiple notices of the disputes from Plaintiff in violation of 15 U.S.C. §1681i(a);

   b.   Willfully and negligently failing to review and consider all relevant information submitted by Plaintiff concerning the disputes of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

   c.   Willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the disputes from Plaintiff; and

   d.   Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

37.     Defendant TU's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the actual damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant TU is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs of litigation.

WHEREFORE, Plaintiff prays judgment in her favor for damages as provided by the FCRA in such amount as fair and reasonable, for her actual damages incurred, for the imposition of punitive damages against Defendant TU in such sum as will deter TransUnion LLC and others in the future from similar conduct and for such other relief the Court deems just and reasonable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kimberly Marie Finnigan respectfully requests this Court award the following:

a.     Actual Damages,

b.     Statutory Damages for each violation of the FCRA;

c.     Punitive Damages;

d.     Costs and reasonable attorney's fees pursuant to the FCRA;

e.     Correction of the misreported bankruptcy information on Plaintiff's Equifax and TransUnion credit reports; and

f.     For such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Chelsea S. Herring
Chelsea S. Herring #51089
The Law Offices of Tracy L. Robinson, LC
600 E. 8th St., Suite A
Kansas City, MO  64106
Phone:  (816) 778-7328 Direct Line
Fax:     (816) 842-0315
chelseah@tlrlaw.com
Attorney for Plaintiff

7